IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Charles Aubrey
LITTLEFIELD, Attorney at Law.

Supreme Court

*No. 86–2099–D. Filed September 16, 1987.*

(Also reported in 411 N.W.2d 674.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Charles A. Littlefield be suspended for 60 days as discipline for misconduct consisting of the neglect of two estate matters and the failure to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board) into the matters. The referee also recommended that Attorney Littlefield be required to pay the costs of this proceeding. In light of the fact that Attorney Littlefield had previously been disciplined for similar misconduct and because of the seriousness of his neglect of client matters considered in this proceeding, we determine that a 60-day suspen-

sion of his license to practice law is appropriate discipline.

Attorney Littlefield was admitted to practice law in Wisconsin in 1954 and practices in Neenah. He was privately reprimanded by the Board in June, 1980 for neglect of clients' legal matters and for failure to cooperate with the Board's investigation into a grievance. The referee is Attorney Cheryl Rosen Weston.

The referee made the following findings of fact based upon the stipulation of the parties. In August, 1977 Attorney Littlefield was retained to probate an estate and he also served as personal representative in that estate. During probate Attorney Littlefield failed to submit necessary documents to have a correction deed prepared with respect to real estate owned by the decedent and also failed to pay real estate taxes on the property following the decedent's death. The property was subsequently sold at a tax sale, and the purchasers at that sale brought an action against the decedent's heirs to quiet title to the property. The heirs were required to defend that action and retain other counsel to represent them. Attorney Littlefield failed to respond to their counsel's letter and telephone communications concerning the matter.

In December, 1981 the probate court ordered Attorney Littlefield to show cause why final judgment had not been entered in the estate. Shortly thereafter, Attorney Littlefield filed the general inventory, final account and petition, showing partial distribution of the estate, which was valued at approximately $201,000. On September 10, 1982 the court ordered Attorney Littlefield to distribute the remaining assets to the heirs, but the probate of the estate was not completed until spring, 1987.

During the Board's investigation of the grievance made by the heirs in this matter, Attorney Littlefield failed to respond to numerous requests for information, although he ultimately responded to some of them. During the investigation the Board discovered that Attorney Littlefield had previously probated the estate of the decedent's brother, who had died in 1969. That estate was not concluded until July of 1975. In that estate the necessary tax returns had been timely filed and the taxes paid, such that the heirs suffered no loss.

In another matter, Attorney Littlefield had represented a couple in a real estate transaction and in their tavern business. When the business was sold, the clients were involved in a legal action, for which they retained the services of another attorney. That attorney asked Attorney Littlefield to provide company time records and other documents, but Attorney Littlefield did not cooperate in making those materials available. During its investigation of that grievance, the Board wrote to Attorney Littlefield concerning the matter and Attorney Littlefield failed to respond.

On the basis of those facts, the referee concluded that Attorney Littlefield's failure to timely complete the probate of the two estates and his failure to take proper steps to protect the assets in one of them constituted neglect of legal matters, in violation of SCR 20.32(3)(1986). The referee also concluded that Attorney Littlefield's failure to respond to Board inquiries during its investigations of his alleged misconduct violated SCR 22.07(2) and 21.03(4).

In recommending a 60-day suspension of Attorney Littlefield's license to practice law as discipline for this misconduct, the referee noted the following miti-

gating factors. Attorney Littlefield has suffered from Parkinson's disease since 1977 and this has had an adverse affect on his ability to practice law. Further, he has made full restitution to the heirs of the estate in which the real estate was sold at a tax sale by paying the heirs approximately $19,000. That payment constituted a great hardship upon him, as his earning capacity has been diminished as a result of his illness. Also, Attorney Littlefield cooperated with the Board during this disciplinary proceeding.

We adopt the referee's findings of fact and conclusions of law. We also accept the referee's recommendation with respect to discipline for Attorney Littlefield's misconduct. The neglect of the legal matters caused his clients to incur substantial expense. Moreover, Attorney Littlefield had once before been disciplined for neglect of client matters, as well as for failing to cooperate with the Board in its investigations. A suspension of his license is warranted to impress upon him the seriousness of his misconduct.

IT IS ORDERED that the license of Charles A. Littlefield to practice law in Wisconsin is suspended for a period of 60 days, commencing October 1, 1987.

IT IS FURTHER ORDERED that within 60 days of the date of this order Charles A. Littlefield pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Charles A. Littlefield to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Charles A. Littlefield comply with the provisions of SCR 22.26

concerning the duties of a person whose license to practice law in Wisconsin has been suspended.